Moschetti v. New York City Department of Education

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of October, two thousand nineteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                     *Circuit Judges*.

_____

DRITA MOSCHETTI,

                 *Plaintiff-Appellant*,

             v.                                              18-3072-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,

                 *Defendant-Appellee*.

_____

Appearing for Appellant:     Michael H. Sussman, Sussman & Associates, Goshen, N.Y.

Appearing for Appellee:      Zachary W. Carter, New York City Law Department (Janet L. Zaleon, New York City Law Department, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Drita Moschetti appeals from the September 28, 2018 decision and order of the United States District Court for the Southern District of New York (Karas, *J.*), granting the New York City Department of Education ("DOE") summary judgment on Moschetti's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., for national origin discrimination and her claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., for discrimination and failure to make reasonable accommodation. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review de novo a district court's grant of a motion for summary judgment." *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74 (2d Cir. 2016). We rely on the three-part burden-shifting scheme articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to analyze Title VII discrimination claims. *See Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 251 (2d Cir. 2014). "Under *McDonnell Douglas*, a plaintiff bears the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination; it is then the defendant's burden to proffer a legitimate non-discriminatory reason for its actions; the final and ultimate burden is on the plaintiff to establish that the defendant's reason is in fact pretext for unlawful discrimination." *Id.* at 251.

To make out a prima facie case of discrimination under Title VII, a plaintiff must establish "(1) that he belonged to a protected class; (2) that he was qualified for the position he sought; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Id.* at 251-52. "An adverse employment action is a materially adverse change in the terms and conditions of employment." *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008) (internal quotation marks, citation, and emphasis omitted).

On appeal, Moschetti argues that the district court erred in finding that she failed to establish that DOE took any adverse employment action against her.

We affirm the district court's decision for substantially the same reasons given by the district court in its thorough analysis. Based on our review of the record, we find that the purported adverse employment actions that Moschetti asserts are directly contradicted by the record. Moschetti's evaluation at the Bronx High School of Business was consistent with the policies as articulated in BHSB's faculty handbook. She received instructional support at BHSB throughout the school year through teacher observations. She was not, as Moschetti urges us to find, threatened with a poor year-end rating; rather, the BHSB principal informed her that missing a formal evaluation could affect her year-end rating. Moschetti received multiple authoritative confirmations that she was not in the Absent Teacher Reserve. Finally, the delay in the approval of her application for a Line of Duty Injury leave of absence was, as the district court suggested, essentially due to her actions with respect to the required forms and thus does not constitute an adverse employment action taken by DOE.

The ADA prohibits discrimination against "qualified individual[s] on the basis of disability," defining such discrimination to include, inter alia, "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual

2

with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. §§ 12112(a), 12112(b)(5)(A). "[A] plaintiff makes out a prima facie case of disability discrimination arising from a failure to accommodate by showing each of the following: (1) Plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96-97 (2d Cir. 2009) (internal quotation marks, citations, and alterations omitted).

On this record, we easily find that DOE reasonably accommodated Moschetti's mobility impairment by granting a hardship transfer to Moschetti and assigning her to two schools at a campus location she requested. Even accepting Moschetti's contention that the job she received at Gateway School was no job at all, DOE did not refuse to make accommodations, because it assigned her to a different position shortly after Moschetti arrived at Gateway School.

We have considered the remainder of Moschetti's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3